UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| BRITTANY LIVINGSTON | CIVIL ACTION NO. 18-cv-0209 |
|---|---|
| VERSUS | JUDGE DOUGHTY |
| UNION PARISH DETENTION CENTER, ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

**Introduction**

Plaintiff alleges that, when she was a 17 year old detainee at the Union Parish Detention Center, she was viciously raped by another inmate. Before the court is Defendants' Motion to Compel an Independent Medical Examination. Doc. 9.

**Law and Analysis**

Federal Rule of Civil Procedure 35 provides that a court may order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The moving party must satisfy the court that (1) the physical state of the party is in controversy, and (2) there is good cause as to why the motion should be granted. Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). The "in controversy" and "good cause" requirements demand more than mere relevance. Id. Rather, they require an affirmative showing by the movant that the condition as to which the examination is sought is genuinely in controversy and that good cause exists for ordering that particular examination. Id.

There is no doubt that Plaintiff's mental condition is in controversy. In her original petition, Plaintiff alleged that, when she was 17 years of age, she was maliciously and repeatedly raped by an inmate at the jail. Plaintiff alleges that she suffered severe and debilitating injuries including severe mental anguish as well as psychological and emotional distress. Her itemized damages include "past and future medical and emotional care expenses." Plaintiff also alleges that she will require future medical and psychological treatment and care. Plaintiff later filed a first amended petition and a second amended petition. The second amended petition reiterated all of the allegations contained in the first two petitions and requested judgment against Defendants as alleged and prayed for in the prior petitions.

The court also finds that there is good cause to require Plaintiff to submit to a psychological evaluation. The Supreme Court has held that a plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. Schlagenhauf, supra at 119. Plaintiff has alleged physical injuries as well as mental health damages that are likely a major component of her case, thereby providing good cause for examination.

Plaintiff argues that an IME is unnecessary because she has already been evaluated by numerous medical professionals over the last few years. The court is not persuaded by that argument. Plaintiffs' allegations and alleged injuries are very serious. Defendants are entitled to an IME by a mental health professional of their own choosing.

Plaintiff also objects to attending an IME with Defendants' chosen psychologist, Dr. Simoneaux.  Plaintiff cites some negative reviews regarding Dr. Simoneaux on the internet.  Plaintiff also objects to having to travel from her home in Monroe, Louisiana to Dr. Simoneaux's office in Pineville, Louisiana.

As to Plaintiff's first objection, the purported negative reviews on the internet are not credible evidence of Dr. Simoneaux's professional abilities or judgment.  Of course, whether Dr. Simoneaux's opinions are admissible in evidence is a question for another day.  And if the opinions are admitted, cross-examination can be used to explore such concerns and air them before the factfinder.

As to Plaintiff's second objection, the court does not find that requiring Plaintiff to travel from Monroe to Pineville (95.2 miles) to be overly burdensome in light of Defendants' willingness to pay for Plaintiff's travel.  Other courts have required plaintiffs to travel greater distances when the defendant agreed to be responsible for the cost of plaintiff's travel.  <u>Comiter v. Sears, Roebuck and Company</u>, 2008 WL 11333497 (S.D. Fl.) (citing cases).

Finally, Plaintiff argues that Defendants did not participate in a Rule 37.1 conference before filing the motion to compel an IME.  The court finds that the parties' numerous communications regarding the IME are sufficient to satisfy Rule 37.1 in this case.

**Conclusion**

Defendants have demonstrated that (1) Plaintiff's mental health has been placed at issue in this lawsuit by Plaintiff and (2) there is good cause to require Plaintiff to submit to

an IME by Dr. Simoneaux in Pineville. The IME shall be conducted on June 26, 2018 at 10:00 a.m. Defendants shall reimburse Plaintiff for the reasonable expenses of travel, plus lodging and meals, if required.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of May, 2018.

Mark L. Hornsby
U.S. Magistrate Judge