UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

BRITTANY LIVINGSTON | CIVIL ACTION NO. 18-cv-0209

VERSUS | JUDGE DOUGHTY

UNION PARISH DETENTION CENTER, ET AL | MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Plaintiff alleges that, when she was a 17-year-old minor, she was arrested and detained in the Union Parish Detention Center. Plaintiff claims she was raped in the jail by a high-risk sexual predator who was aided by a guard. She filed suit pursuant to 42 U.S.C. § 1983 for compensatory damages, punitive damages, and attorney's fees. Doc. 1-4, ¶ 1. As to compensatory damages, Plaintiff alleges that her damages include mental anguish, distress, and worry; pain and suffering; loss of enjoyment of life; fear of a sexually transmitted disease; and medical expenses (past, present, and future), including counseling expenses. Plaintiff also seeks attorney's fees under 42 U.S.C. § 1988. The incident is alleged to have occurred in April 2016.

Defendants propounded written discovery seeking, among other things, any and all "expenses" or "living expenses" that were paid by Plaintiff's attorney to Plaintiff or on her behalf from June 2016 to present. Plaintiff objected on grounds that the information requested was irrelevant because Plaintiff is not making a lost wage claim or a claim for

loss of earning capacity. Plaintiff also argues that the information sought is protected by the work product immunity and/or attorney-client privilege.

Before the court is Defendants' **Motion to Compel (Doc. 17)**. Defendants argue that the payments by Plaintiff's attorney to her for expenses, including living expenses, is highly relevant because Plaintiff is seeking $4,000,000 in damages, including damages for pain and suffering, loss of ability to enjoy life, fear of sexually transmitted diseases, and past and future medical and emotional care expenses. Defendants note that Plaintiff testified at her deposition that her life has been "bad" since the events alleged in the petition. Defendants state that they learned through Plaintiff's deposition and Plaintiff's medical records that Plaintiff's counsel has paid for Plaintiff's apartment, cell phone, manicures and pedicures, medical treatments, and stays in various treatment facilities. Defendants contend that these amenities are relative to Plaintiff's contention's regarding her quality of life since she was released from jail.

Plaintiff argues that the expenditures made to Plaintiff or on her behalf bear no relevance to the issues before the court and are not essential to the claims presented. Plaintiff also notes that the term "expenses" is so broad that it could include possible payments to private investigators, including the work that the investigators performed. According to Plaintiff, Defendants' requests, if left unbridled, will lead to a request by Defendants to depose opposing counsel in relation to their office expenditures on this case.

Defendants' **Motion to Compel (Doc. 17)** is **granted in part** and **denied in part** as follows. The court agrees with Plaintiff that the request regarding all "expenses" is too broad and would necessarily result in a disclosure of Plaintiff's counsel's communications

and work product.  The court notes that all requests for attorney's fees or costs in connection with this litigation have been deferred to post-trial motions.  Doc. 23. There is no need to discover attorney's fees or typical litigation expenses as part of this motion to compel.

On the other hand, Defendants' discovery requests seeking information regarding the payment of "living expenses" is relevant to Plaintiff's damages claims and Defendants' defenses.  If, as Defendants suggest, Plaintiff's counsel has paid for Plaintiff's apartment, cell phone, manicures and pedicures, treatment, counseling, and the like, that information goes directly to Plaintiff's claim for damages regarding mental anguish, distress and worry, pain and suffering, and loss of enjoyment of life.  The court finds that all information and documents related to these payments (whether gifts, advances or loans) are relevant and reasonably calculated to lead to the discovery of admissible evidence.  The documents are not protected by the attorney-client privilege or work-product immunity because they represent only underlying facts, i.e., the amount of money given, loaned, or advanced to Plaintiff by her counsel.  See Corey v. Deep Water Specialists, Inc., 2014 WL 2882927 (E.D. La. 2014).

Plaintiff is ordered to supplement her responses to the discovery requests seeking documents and information regarding Plaintiff's counsel's payments of "living expenses" **no later than October 1, 2018**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of September, 2018.

Mark L. Hornsby
U.S. Magistrate Judge